UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Vince Chhabria, Judge

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | NO. CR 17-00103-4 VC |
| | ) | |
| KARIM BARATOV, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

San Francisco, California
Tuesday, November 28, 2017

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:

BRIAN J. STRETCH
United States Attorney
450 Golden Gate Avenue
San Francisco, California  94102
**BY:  JEFFREY L. SHIH
ASSISTANT UNITED STATES ATTORNEY**

NATIONAL SECURITY DIVISION
Counterintelligence and Export Control
  Section
600 E Street, NW
Washington, D.C.  20004
**BY:  SCOTT K. McCULLOCH
ASSISTANT U.S. ATTORNEY**

For Defendant:

MURRAY, MANCILLA & FANTONE LLP
260 Madison Avenue - 22nd Floor
New York, New York  10016
**BY:  ROBERT F. FANTONE
ANDREW MANCILLA
ATTORNEYS AT LAW**

REPORTED BY:  Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
              Official Reporter

<u>**Tuesday - November 28, 2017**</u>                    <u>**2:11 p.m.**</u>

<u>P R O C E E D I N G S</u>

---oOo---

**THE CLERK:**  Calling Case Number 17-cr-00103, U.S.A. versus Karim Baratov.

Counsel, please state your appearances for the record.

**MR. SHIH:**  Good afternoon, Your Honor.  Jeff Shih on behalf of the United States.  With me here today is also Scott McCulloch of the National Security Division from Washington, D. C.

**THE COURT:**  Good afternoon.  Welcome.

**MR. McCULLOCH:**  Good afternoon, Your Honor.

**MR. FANTONE:**  For Mr. Baratov, Robert Fantone and Andrew Mancilla.

**THE COURT:**  Good afternoon.

**MR. MANCILLA:**  Good afternoon, Judge.

**THE COURT:**  Good afternoon, Mr. Baratov.

Okay.  So we are here for change of pleas; is that correct?

**MR. McCULLOCH:**  Yes, Your Honor.

**MR. FANTONE:**  Right, Judge.

**THE COURT:**  And I've received a copy of the Plea Agreement.  I don't know if any changes have been made since the version that I read yesterday.  Have any changes been made since then?

1    **MR. McCULLOCH:**  No, Your Honor.

2    **MR. FANTONE:**  No, Judge.

3    **MR. McCULLOCH:**  We did just notice this morning

4  reviewing the document that on page 3, line 20-21, the maximum

5  supervised release term for the aggravated identity theft

6  counts is stated as three years but it should be one year, so

7  it's overstated here.

8    **THE COURT:**  One year.  Okay.

9    So that's being changed on the agreement that Mr. Baratov

10 is signing?

11   **MR. McCULLOCH:**  Yes, Your Honor.

12   **THE COURT:**  Why don't you go ahead and do that and

13 initial it.

14          (Pause in proceedings.)

15   **THE COURT:**  Okay.  If that's the only change that's

16 been made, I don't need to see that one, that version.

17   Okay.  So I didn't have any other questions about the

18 Plea Agreement.

19   So, Mr. Baratov, I'm sure your lawyers have told you that

20 I need to ask you a series of questions, and you have to

21 provide the answers to those questions under oath.  So I'll ask

22 my courtroom deputy to administer the oath to you now.

23   **THE CLERK:**  Please raise your right hand.

24          (Defendant sworn.)

25   **THE DEFENDANT:**  I swear.

1          **THE CLERK:**  Thank you.

2          **THE COURT:**  Okay.  Mr. Baratov, now that you are under

3    oath, if you answer any of my questions falsely, the Government

4    can bring additional charges against you for perjury or for

5    making false statements.  Do you understand that?

6          **THE DEFENDANT:**  Yes.

7          **THE COURT:**  Okay.  And if my questions start coming

8    too fast, please do not hesitate to ask me to slow down.

9    Please do not hesitate to ask me to repeat any questions if you

10   didn't understand it or didn't hear it the first time.  Also,

11   please don't hesitate to call timeout if you need to and speak

12   with your lawyers.

13         **THE DEFENDANT:**  Thank you.

14         **THE COURT:**  There's no speed test.  There's no penalty

15   for slowing down the process.  The only important thing here is

16   that you fully understand the discussion we're having today.

17   Okay?

18         **THE DEFENDANT:**  Thank you.

19         **THE COURT:**  So what is your full name?

20         **THE DEFENDANT:**  Karim Baratov.

21         **THE COURT:**  Are you a U.S. citizen?

22         **THE DEFENDANT:**  No.

23         **THE COURT:**  Where were you born?

24         **THE DEFENDANT:**  Kazakhstan.

25         **THE COURT:**  Okay.  You don't need to lean that far in.

1    As long as the mic's close to you, that will be just fine.   You

2    can make yourself comfortable.

3        How old are you?

4            **THE DEFENDANT:**  I'm 22 years old.

5            **THE COURT:**  How far did you go in school?

6            **THE DEFENDANT:**  I graduated grade 12.

7            **THE COURT:**  And are you currently under the influence

8    of any drug, medication, or alcoholic beverage that would

9    interfere with your ability to understand the proceedings here

10   today?

11           **THE DEFENDANT:**  No.

12           **THE COURT:**  Are you fully satisfied with the advice

13   and information you've received from your lawyers?

14           **THE DEFENDANT:**  Yes.

15           **THE COURT:**  Now, we have this Plea Agreement.  Have

16   you had the opportunity to read the Plea Agreement carefully

17   and discuss it carefully with your lawyers before signing it?

18           **THE DEFENDANT:**  Yes, I did.

19           **THE COURT:**  Do you understand the terms of the

20   Plea Agreement?

21           **THE DEFENDANT:**  Yes.

22           **THE COURT:**  Nobody has made you any promises that are

23   not in the agreement to get you to sign the agreement?

24           **THE DEFENDANT:**  No.

25           **THE COURT:**  Nobody's threatened you in any way to get

1    you to accept the agreement?

2          THE DEFENDANT:  No.

3          THE COURT:  You don't have any side agreements with

4    the Government?

5          THE DEFENDANT:  No.

6          THE COURT:  And you're pleading guilty of your own

7    free will because you are, in fact, guilty?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Okay.  And the counts to -- let's talk

10   about the counts to which you are pleading guilty.  There are

11   47 counts in the Indictment.  You are pleading guilty to

12   Count 1 and then Counts 40 through 47 of the Indictment; is

13   that correct?

14         THE DEFENDANT:  That's correct.

15         THE COURT:  Okay.  And Count 1 charges you with

16   conspiracy to commit computer fraud and abuse in violation of

17   18 U.S.C., Section 1030(b); is that correct?

18         THE DEFENDANT:  That's correct.

19         THE COURT:  And Counts 40 through 47 each charge you

20   with aggravated identity theft in violation of 18 U.S.C.,

21   Section 1028(a); is that your understanding?

22         THE DEFENDANT:  Yes.

23         THE COURT:  Okay.  Now let's talk about the penalties

24   for these counts.  First, for Count 1, the conspiracy to commit

25   computer fraud, the maximum prison term is 10 years, the

maximum fine is $250,000 or twice the gross gain or gross loss,

whichever is greater.  Do you understand that?

        **THE DEFENDANT:**  I understand.

        **THE COURT:**  The maximum supervised release term is

3 years, and there's a mandatory special assessment of $100.

You will be required to pay restitution and to forfeit any

property or proceeds that you used or gained in the commission

of the crime.  Do you understand that?

        **THE DEFENDANT:**  Yes.

        **THE COURT:**  Okay.  So you understand that those are

the maximum penalties for Count 1?

        **THE DEFENDANT:**  Yes.

        **THE COURT:**  Okay.  In addition, I know you weren't

here to begin with in the country, but after you serve any

prison term, you will almost certainly be deported.  Do you

understand that?

        **THE DEFENDANT:**  Yes.

        **THE COURT:**  Okay.  Now, each of the aggravated

identity theft counts, Counts 40 through 47, the maximum prison

term for each of those counts is 2 years.  Do you understand

that?

        **THE DEFENDANT:**  Yes.

        **THE COURT:**  And the minimum prison term for these

counts is 2 years.  Do you understand that?

        **THE DEFENDANT:**  Yes.

1    **THE COURT:**  So in terms of prison time, the exposure

2    that you're facing for the identity theft counts is 2 years for

3    each of the counts.  So that is eight counts of identity theft.

4    Do you understand that?

5        **THE DEFENDANT:**  Yes.

6        **THE COURT:**  So that's a maximum -- for those counts,

7    that's a maximum prison exposure of 16 years.  Do you

8    understand that?

9        **THE DEFENDANT:**  Yes.

10       **THE COURT:**  And then the minimum term -- I have the

11   discretion to sentence you to concurrent terms for those eight

12   identity theft counts, but the minimum you're looking at is

13   2 years for those counts.  Do you understand that?

14       **THE DEFENDANT:**  I do.

15       **THE COURT:**  And do you understand that for the

16   aggravated identity theft counts, the sentence for those counts

17   must be consecutive to the sentence for any other count; that

18   is, for Count 1?  Do you understand that?

19       **THE DEFENDANT:**  Yes.

20       **THE COURT:**  Okay.  In addition, for the aggravated

21   identity theft counts, the maximum fine, once again, is

22   $250,000 or twice the gross gain or loss, whichever is greater.

23   Do you understand that?

24       **THE DEFENDANT:**  Yes.

25       **THE COURT:**  And the maximum supervised release term is

1   one year.  Do you understand that?

2          **THE DEFENDANT:**  Yes.

3          **THE COURT:**  And that's, again, per -- it could be per

4   count.  Do you understand that?

5          **THE DEFENDANT:**  Yes.

6          **THE COURT:**  And for each count there will be a

7   mandatory special assessment of $100.  Do you understand that?

8          **THE DEFENDANT:**  Yes.

9          **THE COURT:**  Okay.  And, again, restitution,

10   forfeiture, and almost certain deportation.  Do you understand

11   that?

12          **THE DEFENDANT:**  I do.

13          **THE COURT:**  Okay.  Now, I'm looking at paragraphs

14   1 and 2 of the Plea Agreement that you just signed.  Do you

15   have those in front of you?

16      Paragraph 1 is a description of the penalties that we just

17   discussed, and it's also a description of the elements of the

18   offenses to which you are pleading guilty.

19      Paragraph 2 is a factual recitation, factual description

20   of what you did, a narrative description of what you did.

21      I want to make sure you had an opportunity to very

22   carefully review these two paragraphs and discuss them with

23   your lawyer.  Did you have that opportunity?

24          **THE DEFENDANT:**  Yes, I did.

25          **THE COURT:**  And do you have a full understanding of

what you're admitting to in those two paragraphs?

      **THE DEFENDANT:**  Yes.

      **THE COURT:**  Do those two paragraphs accurately describe what you did?

      **THE DEFENDANT:**  Yes.

      **THE COURT:**  Okay.  Now, there's a discussion in the Plea Agreement of the Sentencing Guidelines and the sentencing guideline calculation, but the Sentencing Guidelines are just advisory for me.  They are not binding on me.  Do you understand that?

      **THE DEFENDANT:**  I do.

      **THE COURT:**  And my job is to decide the appropriate sentence for you that could be higher than what is called for by the guidelines or lower than what is called for by the guidelines.  Do you understand that?

      **THE DEFENDANT:**  I understand.

      **THE COURT:**  Okay.  And even if the Government recommends a particular sentence within the guideline range, I have the authority to sentence you to something higher than the guideline range.  Do you understand that?

      **THE DEFENDANT:**  I understand.

      **THE COURT:**  Okay.  And I won't be able to reach my own conclusion about sentencing until your sentencing hearing after I've had an opportunity to review the Presentence Report and the opportunity to review arguments from your lawyers and from

the Government's lawyers.  Do you understand that?

   **THE DEFENDANT:**  I understand.

   **THE COURT:**  And if you're not happy -- at the end of
your sentencing hearing when I hand down a sentence, if you're
not happy with that sentence, that does not give you the right
to withdraw your guilty plea.  Do you understand that?

   **THE DEFENDANT:**  Yes.

   **THE COURT:**  Okay.  And you understand the offenses to
which you are pleading guilty are felony offenses?

   **THE DEFENDANT:**  I understand.

   **THE COURT:**  And by pleading guilty to felony offenses,
you may be giving up any civil rights that you may have here in
the United States.  Do you understand that?

   **THE DEFENDANT:**  Yes.

   **THE COURT:**  And by giving up -- by pleading guilty,
you would also be giving up the right to appeal your sentence
or to otherwise attack the validity of your sentence.  Do you
understand that?

   **THE DEFENDANT:**  I understand.

   **THE COURT:**  Okay.  And as I mentioned, because you're
not a citizen, you're almost certainly going to be deported
after you serve your sentence.  Do you understand that?

   **THE DEFENDANT:**  Yes.

   **THE COURT:**  Okay.  Now let's talk about your trial
rights.

1   You have the right to continue to plead not guilty.  Do
2   you understand that?

3           THE DEFENDANT:  Yes.

4       THE COURT:  And if you continue to plead not guilty,
5   you would have the right to a jury trial.  Do you understand
6   that?

7           THE DEFENDANT:  Yes.

8       THE COURT:  And at that trial you would be presumed
9   innocent and the Government would be required to prove its case
10  against you beyond a reasonable doubt.  Do you understand?

11          THE DEFENDANT:  I understand.

12      THE COURT:  And at trial you'd have the right to
13  counsel and you'd also have the right to counsel at every other
14  stage in the proceeding.  Do you understand that?

15          THE DEFENDANT:  Yes.

16      THE COURT:  You'd have the right to testify in your
17  defense.  Do you understand that?

18          THE DEFENDANT:  Yes.

19      THE COURT:  You would also at trial have the right not
20  to testify; and if you chose not to testify, that decision
21  could not be used against you at trial.  Do you understand
22  that?

23          THE DEFENDANT:  Yes.

24      THE COURT:  You'd have the right to cross-examine any
25  witnesses for the Government at trial, and you'd also have the

right to call your own witnesses in your defense. Do you

understand that?

        **THE DEFENDANT:** Yes.

        **THE COURT:** And by entering this guilty plea, you're

giving up the trial rights I just described as well as all

other rights associated with a criminal trial. Do you

understand that?

        **THE DEFENDANT:** Yes.

        **THE COURT:** Okay. Is there anything else I should be

discussing with Mr. Baratov before taking his plea?

        **MR. McCULLOCH:** No, Your Honor.

        **MR. FANTONE:** No, Judge.

        **THE COURT:** Okay. So, Mr. Baratov, how do you plead

to the charges? Guilty or not guilty?

        **THE DEFENDANT:** Guilty.

        **THE COURT:** I find that Mr. Baratov is competent and

capable of entering an informed plea, and that he is aware of

the nature of the charges and the consequences of the plea, and

that the guilty plea is a knowing and voluntary plea supported

by an independent basis in fact containing each of the

essential elements of the offenses. I, therefore, accept the

plea and the defendant is now adjudged guilty of the offenses.

    So now, Mr. Baratov, I will refer you to the Probation

Office for the preparation of the Presentence Report that I

mentioned earlier. You will be asked to speak with the

probation officer.  You can have your lawyers present for that

conversation if you wish, and you will also have the

opportunity to object to and dispute anything that is contained

in the Presentence Report.

   But the purpose of the Presentence Report is to give me a

report on you and your background and the circumstances of the

offense -- of the offenses so that I can -- to help me

determine what the appropriate sentence should be.  Do you

understand that?

          **THE DEFENDANT:**  I understand.

          **THE COURT:**  Okay.  And then when -- I guess we should

schedule sentencing then right now?

          **MR. SHIH:**  Yes.

          **MR. McCULLOCH:**  Yes, Your Honor.

          **THE COURT:**  Okay.  When should we have the sentencing

hearing?

          **MR. MANCILLA:**  We agreed with the Government to a

tentative date of February 20th if that is amenable with

Your Honor.

          **THE COURT:**  Does that work for us?

          **THE CLERK:**  It does.  We will be in trial most likely

that date, so plan on a 3:00 o'clock setting for that one.

          **MR. FANTONE:**  That's all right with us.

          **MR. McCULLOCH:**  Thank you.

          **MR. FANTONE:**  Thank you.

1           **THE COURT:** Okay. So are we going to go ahead and set

2 it for 3:00 now?

3           **THE CLERK:** Yes.

4           **THE COURT:** Okay. So 3:00 o'clock.

5      Very good. Okay. Thank you very much.

6           **MR. SHIH:** I did want to flag one item for Your Honor.

7 The Government is planning on basically pursuing an

8 alternative --

9           (Defense counsel and defendant conferring.)

10           **THE COURT:** Sorry. Hold on. Take your time.

11           **MR. FANTONE:** I'm sorry, Judge.

12           **THE COURT:** No, no. Feel free to -- like I said,

13 there's no speed test.

14           **MR. FANTONE:** Thank you.

15           **THE COURT:** Feel free to communicate however you need

16 to.

17           (Defense counsel and defendant conferring.)

18           **MR. MANCILLA:** We can proceed. I apologize.

19           **THE COURT:** Okay.

20           **MR. SHIH:** The Government is planning on utilizing

21 some alternative notification procedures given the large number

22 of victims in this case, which essentially have to do with

23 posting a website. To that end, we're planning on filing a

24 motion basically authorizing us to do that. We'll run that

25 passed Defense counsel as well, but I did want to flag that to

1  the Court.  That way, you know, if you saw us filing a motion,

2  you had some idea about what it was about.

3          **THE COURT:**  All right.  Okay.  Sounds good.

4          **MR. SHIH:**  Thank you.

5          **THE COURT:**  Great.  Thank you very much.

6          **MR. FANTONE:**  Thank you, Judge.

7          **MR. MANCILLA:**  Thank you.  Judge.

8          **MR. FANTONE:**  Thanks for accommodating our afternoon

9  call.

10          **MR. MANCILLA:**  Yeah.

11          **THE COURT:**  No problem.

12          **MR. FANTONE:**  We appreciate it.

13              (Proceedings adjourned at 2:27 p.m.)

14                      ---oOo---

15

16

17

18

19

20

21

22

23

24

25

1

2

3                    **CERTIFICATE OF REPORTER**

4          I certify that the foregoing is a correct transcript

5    from the record of proceedings in the above-entitled matter.

6

7    DATE:   Thursday, December 28, 2017

8

9

10

11    _____

12        Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
                  U.S. Court Reporter

13

14

15

16

17

18

19

20

21

22

23

24

25